UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |
|---|---|
| NATIONAL TRUCKING FINANCIAL RECLAMATION SERVICES, LLC, BRUCE TAYLOR, EDIS TRUCKING, INC., JERRY FLOYD, MIKE CAMPBELL, PAUL OTTO, TOWNES TRUCKING, INC. and R&R TRANSPORTATION, INC., individually, and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>PILOT CORPORATION, PILOT TRAVEL CENTERS, LLC d/b/a PILOT FLYING J, FJ MANAGEMENT, INC., CVC CAPITAL PARTNERS, JAMES A. "JIMMY" HASLAM, III, MARK HAZELWOOD, MITCH STEENROD, SCOTT WOMBOLD, JOHN FREEMAN, VINCENT GRECO and BRIAN MOSHER,<br><br>          Defendants. | Case No. 4:13-cv-00250-JMM |

## CLASS SETTLEMENT PRELIMINARY APPROVAL ORDER

On July 15, 2013, Plaintiffs National Trucking Financial Reclamation Services, LLC, Bruce Taylor, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc., and R&R Transportation, Inc., on behalf of themselves and a nationwide putative class, together with Defendants Pilot Corporation (f/k/a Pilot Oil Corporation), Pilot Travel Centers LLC d/b/a Pilot Flying J, FJ Management, Inc., CVC Capital Partners, James A. "Jimmy" Haslam III, Mark Hazelwood, Mitch Steenrod, Scott Wombold, John Freeman, Vincent Greco, and Brian Mosher (collectively, the "Parties") executed a proposed Settlement Agreement ("Settlement Agreement"

or "Agreement"). Pursuant to the Agreement, the Parties have jointly moved for entry of an order granting preliminary approval to the Settlement provided for in the Settlement Agreement (the "Settlement"). Having reviewed the Settlement Agreement and the Parties' submissions in support of preliminary approval of the Settlement, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

**I.     CERTIFICATION OF A NATIONWIDE CLASS**

The Settlement Agreement provides for a nationwide class settlement of the claims that are the subject of this litigation. As part of the Agreement, Defendants have conditionally foregone their objections to the certification of a nationwide class.

A.     This Class Settlement Preliminary Approval Order ("Preliminary Approval Order" or "Order") incorporates by reference the definitions in the Settlement Agreement, and all terms herein shall have the same meanings as set forth in the Settlement Agreement.

B.     The Court has considered (1) allegations, information, arguments, and authorities provided by the Parties in their memoranda of points and authorities submitted in support of their joint motion for preliminary approval of the Settlement Agreement; (2) Defendants' conditional agreement, for purposes of the Settlement, not to object to the certification of the Settlement Class specified in the Settlement Agreement; (3) the terms of the Settlement Agreement including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue, ascertainability issue, and individualized issues of fact or law that could have borne on the certification of a nationwide class for trial in this case. Based on those considerations, the Court provisionally certifies, for settlement purposes only, a Settlement Class, from which exclusions shall be permitted, consisting of the following:

All persons and entities in the United States who purchased over the road diesel fuel for commercial use in Class 7 and Class 8 vehicles (as Class 7 and Class 8 are defined by the United States Department of Transportation) from Defendants Pilot Corporation and Pilot Travel Centers LLC d/b/a Pilot Flying J pursuant to a diesel fuel rebate program or discount program (which rebate or discount program is defined as a cost-plus and/or retail-minus discount program (not to include discounts for payments made by cash, check, or major credit card at point of sale)), or both, from January 1, 2008 to July 15, 2013. Excluded from the Settlement Class are officers, directors, employees, parents, and subsidiaries of Pilot Corporation and Pilot Travel Centers LLC, as well as judicial officers and employees of the Court.

C.     For purposes of settlement only, the Court finds as follows:

1.     Based on the information available to date, more than 4,000 customers of Defendants Pilot Corporation and Pilot Travel Centers LLC d/b/a Pilot Flying J (collectively, "Pilot Flying J") fall into the Settlement Class as defined above. This number readily satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). Defendants do not contest this numerosity.

2.     There are at least some questions of law or fact common to all members of the Settlement Class based on Pilot Flying J's calculation and payment of diesel fuel rebates and discounts. These common questions include, but are not necessarily limited to, whether Defendants inaccurately calculated rebates or discounts allegedly due to Class Members.

3.     Plaintiffs' claims are typical of those of the Settlement Class. Plaintiffs are members of the Settlement Class and allege that they have been damaged by the same conduct of Defendants that they allege have damaged other members of the Settlement Class. Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Plaintiffs and other members of the

Settlement Class are based upon corresponding theories, such as breach of contract, fraud, unjust enrichment, and conversion.

   4.  The Settlement Class is ascertainable from the business records of Pilot Flying J, as each Class Member entered into a diesel fuel rebate program or discount program, or both, with Pilot Flying J for the purchase of over the road diesel fuel for commercial use.

   5.  Plaintiffs can fully, fairly, and adequately protect the interests of the Settlement Class. Plaintiffs' counsel are experienced in prosecuting complex class-action litigation, and Plaintiffs and their counsel have no interest that conflict with, or is adverse to, the interests of the Settlement Class.

   6.  For settlement purposes, questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members.

   7.  A nationwide class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

   D.  If, for any reason, the Settlement Agreement ultimately does not become effective or is terminated as provided therein, this Order certifying the Settlement Class shall be automatically vacated and each Defendant may fully contest certification of any class as if no Settlement Class had been certified. In addition, the Parties shall return to their respective positions in this lawsuit as they existed immediately before the Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

## II.   PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A.   Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in the lawsuit and maintain that they have defenses to the claims asserted. Nonetheless, to avoid the burdens and costs of protracted litigation and to provide timely relief to the members of the Settlement Class, the Parties have agreed to an arrangement providing individualized compensation, plus interest, to each member of the Settlement Class who is determined to be owed an amount of money ("Eligible Class Members"). In addition, the Settlement provides injunctive relief and individual account audit rights to all Settlement Class Members, regardless whether each Class Member is entitled to any Settlement Payment amount.

B.   On a preliminary basis, and taking into account that (1) the Settlement Agreement more than fully compensates all members of the Settlement Class who are owed money by Pilot Flying J; (2) the defenses that may be asserted by Defendants; (3) the risks to members of the Settlement Class that Defendants would successfully defend some or all of the claims asserted by Plaintiffs, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; and (4) the length of time that would be required for members of the Settlement Class, or any group thereof, to obtain a final judgment through one or more trials and appeals, the Settlement appears to be fair, reasonable, and adequate. Moreover, the Parties have reached the Settlement Agreement after extended, arm's length negotiations. For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

C.   Accordingly, it is ORDERED and ADJUDGED that the Settlement Agreement and corresponding Settlement are hereby preliminarily APPROVED.

D.   Horne LLP is hereby approved as the Independent Accountant to review the work performed by Defendants' Internal Auditor in calculating the compensation to be paid to the Eligible Class Members under the terms of the Settlement Agreement and to confirm, to a reasonable degree of certainty, that the work performed by Defendants' Internal Auditors (1) fully identifies the Class Members who are entitled to compensation, and (2) accurately quantifies the amount of compensation due under the Settlement Agreement. Horne LLP's reasonable costs are to be paid by Defendants.

**III.   APPROVAL OF THE CLASS ACTION SETTLEMENT NOTICE**

A.   As provided for in the Settlement Agreement, the Parties have submitted a proposed Class Action Settlement Notice (the "Settlement Notice"), a copy of which is attached to this Joint Motion for Preliminary Approval of Class Settlement and Approval of Notice to Settlement Class Members as Exhibit 2. The Court finds that the Settlement Notice fairly, accurately, and reasonably provides members of the Settlement Class with (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; and (3) appropriate information about how to challenge or exclude themselves from the Settlement, if they wish to do so. The Settlement Notice also fairly, accurately, and reasonably informs members of the Settlement Class that failure to comply with the provisions contained therein could constitute a waiver of their right to challenge or object to the Settlement, at the Fairness Hearing or otherwise, or to appeal from any order or judgment entered by this Court in connection with the Settlement.

B.   The Court also finds that the proposed plan for distributing the Settlement Notice by first-class U.S. Mail, in combination with the appearance of same on the Class

Administrator's website and Class Counsel's websites and with Pilot Flying J's planned publication of the Settlement by a press release issued through a national news wire service, is the best notice that is practicable under the circumstances and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement Agreement, their right to opt-out and be excluded from the Settlement Class, to object to the Settlement Agreement, and to appear at the Fairness Hearing. There appear to be no additional modes of distribution that would be reasonably likely to notify members of the Settlement Class who would not receive notice pursuant to the proposed distribution plan. The proposed plan also satisfies the requirements of Federal Rule of Civil Procedure 23 and due process.

      C.      The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 shall be complied with within ten (10) days of entry of the Preliminary Approval Order.

      D.      Accordingly, the Court hereby ORDERS as follows:

      1.      The form and content of the proposed Settlement Notice is hereby approved.

      2.      Promptly following the entry of this Order, Pilot Flying J shall prepare final versions of the Settlement Notice, incorporating into the Settlement Notice the Fairness Hearing date and deadlines set forth in paragraph IV of this Order.

      3.      Within ten (10) days of the entry of this Order, Defendants shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

      4.      Within fifteen (15) business days of entry of this Order, Defendants shall send, cause to be sent, or ensure that the Class Administrator provided for in subparagraph 6 below has sent, by first-class United States Mail, to every member of the

Settlement Class a copy of the Settlement Notice. A copy of the Settlement Notice also will be posted on the Class Administrator's website and Class Counsel's websites. Within five (5) business days after preliminary approval of the settlement, Pilot Flying J will publicize the Settlement by issuing a press release through a national news wire service, which press release shall include the address for the Class Administrator's website for the Settlement.

5. Within forty-five (45) days of the entry of this Order, Defendants shall file with this Court a declaration of compliance with subparagraphs 2, 3, and 4 above.

6. Total Class Solutions LLC is hereby approved as the Class Administrator, whose reasonable costs in administering the Settlement are to be paid by Defendants.

7. The Class Administrator shall perform the following functions in accordance with the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case:

    a. Mail, to all members of the Settlement Class whose addresses are currently known to Pilot Flying J, a copy of the Settlement Notice incorporating the Fairness Hearing date and deadlines set forth in paragraph IV of this Order;

        i. Before mailing the Settlement Notice, the Class Administrator will obtain address updates utilizing a National Change of Address database. In mailing the Settlement Notice, the Class Administrator will use any updated addresses thus obtained. If any Mailed Settlement Notice is returned to the Class Administrator bearing a forwarding address for a member of the Settlement Class, the Class

Administrator shall make one attempt to mail the Settlement Notice to that class member's forwarding address.

ii. Before mailing the Settlement Notice, the Class Administrator shall establish an Internet website that enables Class Members to read the Settlement Notice online.

b. Process requests for exclusion in accordance with paragraph 48 of the Settlement Agreement;

c. Not later than twenty (20) business days after the deadline for submission of Requests for Exclusion, provide to Class Counsel and Defendants' counsel copies of the Requests for Exclusion and a written list of the names and addresses of all persons who submitted Requests for Exclusion.

8. Class Counsel and Defendants shall jointly report in writing to the Court, no less than three (3) days before the Fairness Hearing, the following:

a. That the Settlement Notice was distributed in the manner directed by the Court, including an identification of the date or dates on which the Settlement Notices were mailed;

b. The names of all Class Members who sought to be excluded, the date each Class Member sought to be excluded, and whether each Class Member's request for exclusion was timely and properly made; and

c. A copy of all documentation concerning each request for exclusion that the Class Administrator received, with any taxpayer identification number, or other confidential information filed under seal with the Court.

IV.     **APPOINTMENT OF CO-LEAD SETTLEMENT CLASS COUNSEL, CLASS REPRESENTATIVES AND CLASS COUNSEL**

A.      The Court appoints Don Barrett of Barrett Law Group, P.A., Michael L. Roberts of Roberts Law Firm, P.A., Thomas P. Thrash of Thrash Law Firm, P.A. as Co-Lead Counsel for Plaintiffs and the Settlement Class, with authority to execute any and all pleadings and documents on behalf of the Settlement Class.

B.      The Court finds and concludes that Plaintiffs National Trucking Financial Reclamation Services, LLC, Bruce Taylor, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc., and R&R Transportation, Inc. will fairly and adequately represent and protect the interests of the Settlement Class, and appoints them to serve as the representatives of the Settlement Class.

C.      Based on and pursuant to the criteria of Federal Rule of Civil Procedure 23(g), the Court appoints Don Barrett and Sterling Starns of Barrett Law Group, P.A., Michael L. Roberts, Stephanie Egner Smith, and Jana K. Law of Roberts Law Firm, P.A., Thomas P. Thrash and Marcus Bozeman of Thrash Law Firm, P.A., Ben Barnow, Sharon A. Harris, Erich P. Schork, and Blake A. Strautins of Barnow and Associates, P.C., ShpetimAdemi and John D. Blythin of Ademi& O'Reilly LLP, Richard L. Coffman of The Coffman Law Firm, G. Robert Blakey, Dewitt M. Lovelace of Lovelace Law Firm, P.A., Richard R. Barrett of Law Offices of Richard R. Barrett, PLLC, William E. Hoese of Kohn, Swift & Graf, P.C., Elizabeth A. Alexander, Michael W. Sobol, and Kenneth S. Byrd of Lieff, Cabraser, Heimann& Bernstein, LLP, Charles Barrett of Charles Barrett, P.C., Daniel F. Becnel, Jr. of Becnel Law Firm, LLC, and Michael D. Hausfeld of Hausfeld LLP as Class Counsel in this matter.

V.      **PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

**A.     Fairness Hearing**

1.      The Court hereby schedules a hearing at 9:15 a.m. on November 25, 2013, at the courthouse for the United States District Court for the Eastern District of Arkansas (Little Rock), 500 West Capitol Avenue, Little Rock, Arkansas 72201 (the "Fairness Hearing"), to determine whether the certification of the Settlement Class, the designation of Plaintiffs as class representative, the appointment of Class Counsel, the Settlement Agreement, and the Settlement should receive final approval (the "Fairness Hearing"). At that time, the Court also will consider any request that may be made by Class Counsel for an award of attorneys' fees and costs to Class Counsel and for an incentive award to Plaintiffs, all in accordance with the terms of the Settlement Agreement.

2.      The Parties will have up to and including 10 days prior to the date of final fairness hearing to file their joint motion for final approval of the Settlement and any briefs in support of such motion.

3.      The Court stays all further proceedings in this Action as between Plaintiffs and Defendants pending the Fairness Hearing and final determination of whether the Settlement Agreement should be approved.

4.      The Court enjoins the members of the Settlement Class, pending the Fairness Hearing and final determination of whether the Settlement Agreement should be approved, from challenging in any action or proceeding any matter covered by this Settlement Agreement or its release, except for proceedings in this case related to effectuating and complying with the Settlement Agreement.

**B.     Deadline for Members of the Settlement Class to Request Exclusion from the Settlement**

      1.      Any member of the Settlement Class who does not wish to participate in the Settlement Class shall have ninety (90) days after the Court's entry of this Order to submit a request for exclusion from the Settlement Class.

      2.      A member of the Settlement Class may effect such exclusion by sending a written request to the Class Administrator. The written request must be signed by a person authorized to do so, and provide all of the following information:

      a.      The name of this lawsuit, *National Trucking Financial Reclamation Services, LLC, Bruce Taylor, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc. and R&R Transportation, Inc., individually and on behalf of all others similarly situated v. Pilot Corporation, Pilot Travel Centers, LLC d/b/a Pilot Flying J, et al.*, Case No. 4:13-cv-00250-JMM;

      b.      A statement of the Class Member's full name (including business name and brand name if the Class Member is a corporate entity), address, telephone number, and the period of time (including approximate dates) in which the Class Member purchased diesel fuel from Defendants;

      c.      A statement that the Settlement Class member desires to be excluded from the Settlement Class; and

      d.      For corporate entities, an explanation of what position of authority the signing person has to exclude the member from the Settlement Class.

**C.**    **Deadline for Filing Objections to Matters to Be Heard at the Fairness Hearing and for Filing Requests to Appear and Present Argument or Evidence**

1. All objections to certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel and Lead Class Counsel, the Settlement, the Settlement Agreement, or the amount of fees and expenses that Class Counsel may apply for at the Fairness Hearing, shall be made in writing and, no later than ninety (90) days after entry of this Order, filed with this Court and mailed to Class Counsel and Pilot Flying J's counsel, by first-class United States Mail, at the addresses listed in the Settlement Notice.

2. Any written objection must include all of the following:

    a. The name of this lawsuit, *National Trucking Financial Reclamation Services, LLC v. Pilot Corporation*, Case No. 4:13-cv-00250-JMM;

    b. The objector's full name, address, telephone number, and email address;

    c. Information sufficient to establish that the objector is a member of the Settlement Class;

    d. A written statement of all grounds for the objection, accompanied by any legal support for the objection;

    e. The identity of all counsel representing the objector;

    f. The identity of all counsel representing the objector who will appear at the Fairness Hearing;

    g. The objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation);

  h. A list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement;

  i. A list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement; and

  j. A list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as lead plaintiff class counsel.

3. All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or the amount of fees and expenses that Class Counsel may apply for at the Fairness Hearing, must file with the Court and serve on Class Counsel and Pilot Flying J's counsel, no later than ninety (90) days after entry of this Order, a notice of their intention to appear. The notice shall set forth the basis of their objections, summarize the nature and source of any evidence they intend to present at the Fairness Hearing, and identify the name, position, address, and telephone number of each person who intends to appear at the final approval hearing on behalf of the objector.

4. At least twenty-one (21) days before the Fairness Hearing, Class Counsel will file and serve on Defendants' counsel all supporting papers seeking the Court's final

approval of the Settlement Agreement, and the Court's approval of any attorneys' fee awards, expense awards, or incentive awards with respect to this Settlement Agreement.

## VI. ABSENCE OF ANY ADMISSION; DENIAL OF ANY WRONGFUL ACT OR OMISSION AND OF ANY LIABILITY

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in this Order, the Settlement Agreement, or any documents relating to the Settlement Agreement or the Settlement shall be construed, deemed, or offered as an admission by any Party, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or equity. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce each such limiting provision.

IT IS SO ORDERED.

DATED: July 16, 2013

_____
The Honorable James M. Moody
United States District Judge