UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 5 2013

JAMES W. McCORMACK, CLERK
By: D. Jackson           DEP CLERK

|   |   |
|---|---|
| NATIONAL TRUCKING FINANCIAL RECLAMATION SERVICES, LLC, BRUCE TAYLOR, EDIS TRUCKING, INC., JERRY FLOYD, MIKE CAMPBELL, PAUL OTTO, TOWNES TRUCKING, INC., R&R TRANSPORTATION, INC., OHIO AUTO DELIVERY, INC., and EAGLE MOTOR FREIGHT, INC., individually, and on behalf of all others similarly situated, | Case No. 4:13-cv-00250-JMM |
| Plaintiffs, | |
| vs. | |
| PILOT CORPORATION, PILOT TRAVEL CENTERS, LLC d/b/a PILOT FLYING J, FJ MANAGEMENT, INC., CVC CAPITAL PARTNERS, JAMES A. "JIMMY" HASLAM, III, MARK HAZELWOOD, MITCH STEENROD, SCOTT WOMBOLD, JOHN FREEMAN, VINCENT GRECO and BRIAN MOSHER, | |
| Defendants. | |

## FINAL ORDER AND JUDGMENT

Plaintiffs National Trucking Financial Reclamation Services, LLC, Bruce Taylor, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc., R&R Transportation Inc., Ohio Auto Delivery, Inc., and Eagle Motor Freight, Inc., on behalf of themselves and a putative nationwide class of commercial purchasers of diesel fuel, petition the Court for final approval of a settlement with Defendants Pilot Corporation (f/k/a Pilot Oil Corporation), Pilot Travel Centers LLC d/b/a Pilot Flying J, FJ Management, Inc., CVC Capital Partners, James A.

"Jimmy" Haslam III, Mark Hazelwood, Mitch Steenrod, Scott Wombold, John Freeman, Vincent Greco, and Brian Mosher (collectively the "Parties"). The Parties previously submitted a revised settlement agreement ("the "Settlement Agreement" or "Agreement") to this Court for preliminary approval of the class action settlement provided for therein (the "Settlement). On July 23, 2013, the Court entered an Amended Class Settlement Preliminary Approval Order (Dkt. 14-3) ("Preliminary Approval Order"), which included provisional certification of a nationwide class ("Settlement Class"). The Court appointed Don Barrett of Barrett Law Group, P.A., Michael L. Roberts of Roberts Law Firm, P.A., and Thomas P. Thrash of Thrash Law Firm, P.A. as Co-Lead Counsel for the Class. Now, the matter having come before the Court for hearing on November 25, 2013, on the Parties' request for entry of an order granting final approval of the proposed Settlement and for entry of final judgment in this matter, the Court FINDS, CONCLUDES, ORDERS, AND ADJUDGES as follows:

## I. JURISDICTION OF THE COURT

The Parties and the members of the nationwide Settlement Class ("Class Members") have submitted to the jurisdiction of this Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the members of the Settlement Class; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

## II. CLASS CERTIFICATION

In the Preliminary Approval Order, this Court granted conditional class certification to the above-referenced Settlement Class, which was defined as follows:

> All persons and entities in the United States who purchased over the road diesel fuel for commercial use in Class 7 and Class 8 vehicles (as Class 7 and Class 8 are defined by the United States Department of Transportation) from Defendants Pilot Corporation and Pilot Travel Centers LLC d/b/a Pilot Flying J pursuant to a

diesel fuel rebate program or discount program (which rebate or discount program is defined as a cost-plus and/or retail-minus discount program (not to include discounts for payments made by cash, check, or major credit card at point of sale)), or both, from January 1, 2005 to July 15, 2013. Excluded from the Settlement Class are officers, directors, employees, parents, and subsidiaries of Pilot Corporation and Pilot Travel Centers LLC, as well as judicial officers and employees of the Court.

The Court found and concluded that the Settlement Class satisfied all the requirements of due process and other applicable federal law and made several specific decisions relating to the Settlement Class. First, the Court appointed Don Barrett of Barrett Law Group, P.A., Michael L. Roberts of Roberts Law Firm, P.A., Thomas P. Thrash of Thrash Law Firm, P.A. as Co-Lead Counsel for Plaintiffs and the Settlement Class, with authority to execute any and all pleadings and documents on behalf of the Settlement Class. Second, the Court appointed Plaintiffs National Trucking Financial Reclamation Services, LLC, Bruce Taylor, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc., and R&R Transportation, Inc. as representatives for the class ("Class Representatives"). Third, the Court appointed Don Barrett and Sterling Starns of Barrett Law Group, P.A., Michael L. Roberts, Stephanie E. Smith, and Jana K. Law of Roberts Law Firm, P.A., Thomas P. Thrash and Marcus Bozeman of Thrash Law Firm, P.A., Ben Barnow, Sharon A. Harris, Erich P. Schork, and Blake A. Strautins of Barnow and Associates, P.C., Shpetim Ademi and John D. Blythin of Ademi & O'Reilly LLP, Richard L. Coffman of The Coffman Law Firm, G. Robert Blakey, Dewitt M. Lovelace of Lovelace Law Firm, P.A., Richard R. Barrett of Law Offices of Richard R. Barrett, PLLC, William E. Hoese of Kohn, Swift & Graf, P.C., Elizabeth A. Alexander, Michael W. Sobol, and Kenneth S. Byrd of Lieff, Cabraser, Heimann & Bernstein, LLP, Charles Barrett of Charles Barrett, P.C., Daniel F. Becnel, Jr. of Becnel Law Firm, LLC, Charles S. Zimmerman of Zimmerman Reed, PLLP, and Michael D. Hausfeld of Hausfeld LLP as counsel for the Class ("Settlement Class Counsel"). Fourth, the Court appointed Total Class Solutions LLC as Class Administrator. Finally, the Court

3

appointed Horne LLP as an independent accountant (the "Independent Accountant") to verify the methods of Defendants' auditors (the "Internal Auditors"). Ohio Auto Delivery, Inc. and Eagle Motor Freight, Inc. have been added as class representatives and are included in the term "Class Representatives."

Having considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the Court now finds and concludes that those provisional findings and conclusions should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the nationwide class action settlement provided for in the Settlement Agreement and entering final judgment in this action.

### III. NOTICE

The Preliminary Approval Order authorized the form and content of a mailed notice of Settlement to be provided to members of the Settlement Class ("Settlement Notice"). The Court now finds that the Settlement Notice has been timely sent in accordance with the terms of the Court's Order. The Court further finds that the mailed Settlement Notice, together with the publication of the Settlement Notice on the Class Administrator's website and by Pilot Flying J's press release issued through a national news wire service, has provided the best notice practicable under the circumstances of this case, and has provided to the Settlement Class reasonable actual notice of the Settlement.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and Arkansas laws and due process. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action

Fairness Act has been timely sent and that such notice satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

## IV.   FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for each member of the Settlement Class to receive individualized compensation, plus interest. Having considered (1) the merits of the Plaintiffs' case weighed against the terms of the Settlement Agreement; (2) the Defendants' financial condition; (3) the complexity and expense of further litigation; (4) the amount of opposition to the settlement after implementation of a successful, comprehensive Notice Plan; (5) that the Settlement Agreement more than fully compensates all members of the Settlement Class who allege that they are owed money by Defendants; (6) the defenses that may be asserted by Defendants; (7) the risks to members of the Settlement Class that Defendants would successfully defend some or all of the claims asserted by Plaintiffs, whether litigated by members of the Settlement Class themselves or on their behalf in a class action; (8) the length of time that would be required for members of the Settlement Class, or any group thereof, to obtain a final judgment through one or more trials and appeals; and (9) the number of members of the Settlement Class who have elected to be excluded from the Settlement, the Court finds the Settlement to be fair, reasonable, and adequate. Moreover, the Court finds that the Settlement is the result of extended, arm's-length negotiations and is non-collusive.

In consideration of the foregoing, the Court grants final approval of the Settlement Agreement and enters this Final Order and Judgment implementing its terms, including but not limited to the releases in the Settlement Agreement. There have been no objections filed by the

members of the Settlement Class. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class and hereby adopts and incorporates the terms of the Settlement Agreement for purposes of this Final Order and Judgment, including the definitions set forth in the Agreement. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

## V.     EXCLUSIONS FROM THE SETTLEMENT CLASS

The Settlement Administrator has received, from certain members of the Settlement Class, requests for exclusion from the Settlement Class and has provided Co-Lead Counsel and Defendants' counsel copies of those requests. Co-Lead Counsel and Defendants' counsel have jointly filed with the Court a list of those persons/entities, who have timely elected to be excluded. All persons/entities named in the list on file with the Court as having filed timely exclusions with the Settlement Administrator are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement. Plaintiffs Bruce Taylor, National Trucking Financial Reclamation Services, LLC, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc., R&R Transportation Inc., Ohio Auto Delivery, Inc., and Eagle Motor Freight, Inc., and each individual or entity who falls within the definition of the Settlement Class whom the Court has not expressly excluded from the Settlement Class in Section V of this Order, shall be bound by the terms of the Settlement.

## VI.    FEES, EXPENSES, COSTS, AND INCENTIVE AWARDS

The Court hereby awards Class Counsel $14,000,000 for attorneys' fees and $52,245.84 in expenses and costs. The Court further awards $10,000 as incentive awards to each Class Representative, namely, Bruce Taylor, National Trucking Financial Reclamation Services, LLC, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc., R&R

Transportation Inc., Ohio Auto Delivery, Inc., and Eagle Motor Freight, Inc. These amounts shall be paid by Defendants consistent with the terms of the Settlement Agreement. Co-Lead Counsel are granted the authority and discretion to allocate reasonable attorneys' fees, expenses and costs among Class Counsel.

## VII. IMPLEMENTATION OF SETTLEMENT

Consistent with the Settlement Agreement, Defendants shall make the payments described in the Settlement Agreement, including, without limitation, payment to each Class Member of the claim amount calculated by the Defendants' Internal Auditors, using the methods verified by the Independent Accountant. Implementation of the Settlement Agreement shall proceed as described in the Settlement Agreement and the Parties shall carry out their respective obligations thereunder.

## VIII. RELEASE, COVENANT NOT TO SUE, AND EFFECT OF SETTLEMENT

### A. Release

In consideration of the terms of the Settlement Agreement, all members of the Settlement Class, including Plaintiffs Bruce Taylor, National Trucking Financial Reclamation Services, LLC, Edis Trucking, Jerry Floyd, Mike Campbell, Paul Otto, Townes Trucking, Inc., R&R Transportation Inc., Ohio Auto Delivery, Inc., and Eagle Motor Freight, Inc. whom the Court did not expressly exclude in Section V of this Order (collectively, "Releasees"), are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all claims against Defendants relating to the Class Members' purchases of over the road diesel fuel for commercial use from any of the Defendants pursuant to a diesel fuel rebate program and/or discount program from January 1, 2005 to the execution date of the Settlement Agreement,

consistent with the terms of the Settlement Agreement and by virtue of the proceedings herein and this Final Order and Judgment.

**B.     Covenant Not to Sue**

In consideration of the terms of the Settlement Agreement, all members of the Settlement Class, including Plaintiffs, whom the Court did not expressly exclude in Section V of this Order, are hereby found, deemed, and adjudged to have (1) covenanted and agreed that neither Plaintiffs nor any of the Settlement Class Members, nor anyone authorized to act on their behalf, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in the Settlement Agreement, against any of the Defendants, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by Defendants pursuant to a diesel fuel rebate program and/or discount program; (2) waived any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by Releasees or on their behalf; (3) agreed to withdraw or dismiss with prejudice any such pending or current action or proceeding brought by or on behalf of any of them; (4) agreed that the Settlement Agreement shall be a complete bar to any such action; and (5) agreed that any Eligible Class Member who receives a Settlement Payment and fails to disburse any portion thereof that is owed to another person or entity shall indemnify and hold each Defendant harmless with respect to any claim such person or entity may assert against such Defendant that arises from the Eligible Class Member's failure to make such disbursement.

**C.     Settlement Agreement as Exclusive Remedy for Released Claims**

Upon entry of this Order and Judgment, enforcement of the Settlement Agreement shall be the exclusive remedy for all members of the Settlement Class, including Plaintiffs, whom the

Court did not expressly exclude in Section V of this Order, all of whom are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any claims released under the Settlement Agreement against Defendants, as the release provisions of the Settlement Agreement define these terms. Settlement Class Members who are prosecuting or asserting any of the released claims are ordered to take whatever measures necessary to effectuate dismissal of their claims.

**D.     Effect of a Final Judicial Determination of Invalidity or Unenforceability**

If, after entry of this Final Order and Judgment by the Court, a notice of appeal of this Final Order and Judgment is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Order and Judgment is in any respect invalid, contrary to law, or unenforceable (except for such determinations that are limited to the attorneys' fees and/or incentive awards), this Order shall be automatically vacated, the Settlement Agreement shall be null and void, and each Defendant may fully contest certification of any class as if no Settlement Class had been certified. In addition, the Parties shall return to their respective positions in this lawsuit as they existed immediately before the Parties executed the Settlement Agreement, and nothing stated herein or in the Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

**IX.    NO ADMISSION OF LIABILITY**

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Nothing contained in the Settlement Agreement, any documents relating to the Settlement, the Preliminary Approval Order, or this Final Order and

Judgment shall be construed, deemed, or offered as an admission by any of the Parties or any member of the Settlement Class for any purpose in any judicial or administrative action or proceeding of any kind, whether in law or equity. In entering this Order with this provision and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity and requests that any court in any other jurisdiction reviewing, construing, or applying this Order implement and enforce such limiting provision.

## X.     ENTRY OF FINAL JUDGMENT

The Court hereby dismisses with prejudice all claims alleged in this action. The Court further orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this action by Plaintiffs, on behalf of themselves, the Settlement Class, or both. In entering this Final Order and Judgment, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Judgment implement and enforce its terms in their entirety.

Without affecting the finality of this Final Order and Judgment in any way, this Court hereby reserves jurisdiction over (1) implementation of this Settlement and this action; (2) all matters relating to the administration and consummation of the Settlement; and (3) all Parties to this action for the purpose of implementing, enforcing, and monitoring compliance with, effectuating, administering, and interpreting the provisions of Settlement Agreement and this Final Order and Judgment.

IT IS SO ORDERED.

DATED: November 25, 2013

*[signature]*

The Honorable James M. Moody
United States District Judge